IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BOYCE PRICE                                                                PLAINTIFF

v.                      Civil No. 05-6087

DREAM YOUNG, Administrator,
Ouachita River Correctional Unit Infirmary;
and DR. JONAK, Ouachita River
Correctional Unit Infirmary                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 2, 2006, separate defendant Dream Redic-Young filed a motion to dismiss (Doc. 16). By order entered on February 16, 2006, the plaintiff, Boyce Price, was directed to complete, sign, and return a questionnaire that would serve as his response to the motion to dismiss (Doc. 18).

Plaintiff responded to the motion to dismiss on March 6, 2006 (Doc. 19). Plaintiff, however, did not respond to the questionnaire propounded by the court. The motion to dismiss is before the undersigned for issuance of this report and recommendation.

### BACKGROUND

Price is currently incarcerated by the Arkansas Department of Correction at the Ouachita River Correctional Unit. He filed this lawsuit contending he has been refused proper medical attention. Specifically, he contends that since March of 2005 he has had pain in his right side that moves down his right buttock into his right calf. He indicates his right leg swells up.

AO72A
(Rev. 8/82)

Price maintains his medical status is M-2 which he states means he should not be required to engage in physical labor. Despite this, Price states he has been required to work up to four hours per day.

Price attached to his complaint a grievance 0R-05-00150. The grievance contains the warden's/center supervisor's decision. The decision is dated September 28, 2005. The decision states that it has been determined the grievance is a medical matter and it has been forwarded to the medical administrator for written response and/or interview within twenty days. If Price receives no response, or believes the response received is unsatisfactory, he is advised that he may appeal to the Deputy Director of Health and Correctional programs. There is also a space on the form for the inmate to write in his appeal if he disagrees with the response and sign and date the form.

Also attached to the complaint is a CMS grievance response signed by Dream Redic Young and dated September 30, 2005. This response states:

> After reviewing your medical record, I have determined that you were seen in nurse sick call on September 1, 2005 for your leg pain and referred to the unit physician. You were seen by the unit physician on September 7, 2005, medication was prescribed for your pain along with heat treatments. It is very important that you follow the physician orders. You have received appropriate medical care. If you continue to have problems please follow the sick call process.

John Byus, is the Administrator of Health Services for the Arkansas Department of Correction. *Defendant's Exhibit* A. He indicates the Deputy Director for Health and Correctional Programs, Max Mobley, had retired. *Id.* at ¶ 2. The deputy director job duties include responding to health related grievances. *Id.* Specifically, Byus indicates inmate

AO72A
(Rev. 8/82)

grievance appeals and responses by Correctional Medial Services are reviewed. *Id.* at ¶ 3. Byus states there is no record of Price appealing the grievance response. *Id.* at ¶ 4.

**DISCUSSION**

Separate defendant Dream Redic Young has moved to dismiss the case contending that Price has failed to state a claim upon which relief may be granted. She points out that Price does not mention her anywhere in the complaint. Instead, she states Price only alleges that he disagrees with the medical treatment he has received. Ms. Young also contends Price has failed to exhaust his administrative procedures.

As amended by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) mandates exhaustion of available administrative remedies before an inmate files suit. Section 1997e(a) provides: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The Supreme Court in *Booth v. Churner*, 532 U.S. 731, 738-39, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001) held that "exhaustion is required where administrative remedies are available even if the available administrative remedies do not provide the precise, or full, relief sought." *Walker v. Maschner*, 270 F.3d 573, 577 (8th Cir. 2001). It rejected the idea that the PLRA allowed for a futility exception. *Booth*, 532 U.S. at 740-41.

Further, the term "administrative remedies" has been held to encompass remedies not promulgated by an administrative agency. *Concepcion v. Morton*, 306 F.3d 1347, 1352 (3d Cir. 2002). Specifically, it has been held that a grievance procedure contained in a handbook constitutes an available administrative remedy within the meaning of § 1997e(a). *Conception*,

306 F.3d at 1352. When all claims have not been exhausted, the case is subject to dismissal. *Kozohorsky v. Harmon*, 332 F.3d 1141 (8th Cir. 2003)(total exhaustion required); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

In this case, Price agrees that he did not exhaust his administrative remedies, *Resp.* (Doc. 19) at ¶ 1. However, he contends this failure should be excused because the warden did not provide him the name of the acting deputy director. *Id.* Plaintiff states that to the best of his knowledge Dr. Max Mobley had retired and Price asserts he had no idea of a final step beyond Ms. Young. He asks the court to excuse his failure to exhaust because of his belief it would be futile.

This we cannot do. Price clearly knew there was another step in the grievance procedure. He made no attempt to utilize the step or appeal the decision. As noted above, exhaustion is clearly a prerequisite to an inmate asserting a civil rights claim alleging specific acts of unconstitutional conduct by prison officials. *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 152 L. Ed. 2d 12 (2002). We therefore have no choice but to dismiss this action. *Graves v. Norris*, 218 F.3d 884, 885-86 (8th Cir. 2000).

## CONCLUSION

I therefore recommend that defendant's motion to dismiss be granted as the plaintiff has failed to exhaust his administrative remedies. Price may, of course, file another lawsuit regarding his claim that he is being denied proper medical care after he has exhausted his administrative remedies.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

AO72A
(Rev. 8/82)

**objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of May 2006.

/s/ Bobby E. Shepherd
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)